# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

___

KENNETH WESLEY HART,

    Petitioner,

v.                                       Case No. 06-CV-14782

SUSAN DAVIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Kenneth Wesley Hart, presently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to commit murder,[1] larceny in a building[2] and unlawfully driving away an automobile (U.D.A.A.).[3] For the reasons stated below, the petition for writ of habeas corpus will be denied.

## I. BACKGROUND

On October 31, 2002, Petitioner entered a plea of *nolo contendere* to the above charges in the Saginaw County Circuit Court, pursuant to a plea and sentencing bargain. Petitioner was sentenced to concurrent prison terms of twenty to fifty years on

___

[1] Mich. Comp. Laws § 750.83.

[2] Mich. Comp. Laws § 750.360.

[3] Mich. Comp. Laws § 750.413.

1

the assault with intent to murder conviction, two to four years for larceny in a building, and two to five years for the U.D.A.A. conviction.[4]

Petitioner, through appellate counsel, subsequently filed motions for resentencing, a new trial, an evidentiary hearing and to withdraw his *nolo contendere* plea, which the trial court denied. Petitioner then filed an application for leave to appeal. In *lieu* of granting leave to appeal, the Michigan Court of Appeals remanded the case to the trial court for re-sentencing in accordance with the sentencing guidelines range of 135 to 225 months and denied Petitioner leave to appeal with respect to his other claims for relief. *People v. Hart,* No. 254315, slip op. (Mich. Ct. App. May 24, 2004).

On June 24, 2004, Petitioner was re-sentenced by the trial court to fifteen to fifty years in prison on the assault with intent to murder conviction. Petitioner then filed an application for leave to appeal, which was rejected by the Michigan Supreme Court on December 2, 2004 as having been untimely filed. (*See* 3/17/07 Aff., Dkt. # 21.)

Petitioner then filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Hart,* No. 02-021908-FC, slip op. (Saginaw County Circuit Court, April 13, 2005). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Hart,* No. 263219, slip op. (Mich. Ct. App. December 6, 2005); *leave to appeal denied at* 712 N.W. 2d 475 (Mich. 2006); *reconsideration denied at* 715 N.W. 2d 869 (Mich. 2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

---

[4]Petitioner was also sentenced to 1-2 years in prison on writing a check with insufficient funds, but he does not appear to challenge this conviction in his petition.

1.  Defendant was unconstitutionally charged with the crime of assault with . . . intent to murder. It lacks factual basis and is a clear violation of [D]efendant[']s 14th [A]mendment rights. This is all due to the ineffective assistance of counsel. . . . .

2.  Defendant was denied his due process right to submit a timely appeal in the Michigan Supreme [C]ourt.

3.  Defendant was denied his 8th [A]mendment ri[g]ht to have a bond while awaiting trial. . . . .

4.  Defendant was denied his 6[th] [A]mendment right to a fair and impartial trial when his attorney did not present his only viable and plausible defense of diminished capacity, along with two supporting psychological reports.

(Pet. at 13.)

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision

3

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

### A. Inadequate Factual Basis Claim

Petitioner contends that his *nolo contendere* plea to the charge of assault with intent to commit murder should be set aside because the state trial court failed to elicit a sufficient factual basis on this charge prior to accepting his plea.

There is no federal constitutional requirement that a factual basis be established to support a guilty (or *nolo contendere*) plea. *See Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). Although M.C.R. 6.302(D)(1) requires that a court elicit a factual basis from a defendant prior to accepting his plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgreive,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995). Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his *nolo contendere* plea does not provide a basis for federal habeas relief because there is no federal constitutional

4

requirement that a factual basis supporting a plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583. Accordingly, Petitioner is not entitled to habeas relief on this claim.

### B. Ineffective Assistance of Counsel Claims

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Secondly, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

#### 1. Timely Appeal

In his first ineffective assistance of counsel claim, Petitioner contends that he was denied the right to submit a timely appeal to the Michigan Supreme Court because his appellate counsel did not provide him with timely notification of the Michigan Court of Appeals's May 24, 2004 decision, which remanded the case for re-sentencing and denied Petitioner leave to appeal with respect to his remaining claims.

5

A defendant's right to the effective assistance of counsel on an appeal as of right from a state conviction encompasses the right to a timely notice of the decision on that appeal. *See Smith v. State of Ohio Dept. of Rehab.,* 463 F. 3d 426, 433 (6th Cir. 2006). Thus, an appellate counsel's failure to provide a defendant with timely notice of the decision of an intermediate court of appeals can constitute deficient performance. *Id.* at 434-35. When, as here, a defendant alleges that his appellate counsel's ineffective assistance led "to the forfeiture of a proceeding itself" by denying him the opportunity to appeal to a higher court, prejudice is presumed. *Id.* at 435 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). "[F]or this presumption to apply, however, the defendant must demonstrate that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.'" *Id.* (quoting *Flores-Ortega,* 528 U.S. at 484).

In the present case, Petitioner is unable to establish that he was prejudiced by appellate counsel's alleged failure to timely inform him of the Michigan Court of Appeals' decision. Under M.C.R. 7.302(C)(3), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the Michigan Court of Appeals' decision. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). The Michigan Court of Appeals issued its decision on May 24, 2004. Under M.C.R. 7.302, Petitioner would have had until July 19, 2004 to file a timely application for leave to appeal to the Michigan Supreme Court. Even if appellate counsel did not initially inform Petitioner of the Michigan Court of Appeals' order from May 24, 2004, Petitioner would have known of the Michigan Court of Appeals' decision, at the latest, by the time of his re-sentencing on June 24, 2004. Petitioner would still

have had twenty-five days from this date to file a timely application for leave to appeal with the Michigan Supreme Court. Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected on December 2, 2004, as being untimely filed.

There is a "rebuttable presumption" that a defendant has failed to show that he would have timely appealed the order absent his counsel's failure to notify him of the adverse decision "if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal." *Smith,* 463 F. 3d at 435. Even accepting Petitioner's claim that he did not receive timely notification of the Michigan Court of Appeals' decision, Petitioner did not attempt to file an application for leave to appeal with the Michigan Supreme Court until December 2, 2004, some five months after he would have known of the Michigan Court of Appeals decision, and well beyond the fifty-six day period under M.C.R. 7.302 for filing such an application for leave to appeal. For this reason, Petitioner has failed to establish that he was prejudiced by appellate counsel's alleged failure to timely advise him of the Michigan Court of Appeals' decision. *Id.* at 435-36. Accordingly, Petitioner is not entitled to habeas relief on this claim.

### 2. Diminished Capacity Claim

In his second ineffective assistance of counsel claim, Petitioner contends that his trial counsel was ineffective for failing to pursue a diminished capacity defense and advising him instead to plead *nolo contendere.*

7

In 1994, the Michigan legislature enacted Mich. Comp. Laws § 768.21a, which set forth the legal standards for an insanity defense in Michigan. The Michigan Supreme Court has subsequently held that this statute abolished the diminished capacity defense in Michigan and that the insanity defense, as established by the Michigan Legislature in § 768.21a, was the sole standard for determining criminal responsibility as it relates to mental illness or retardation. *See People v. Carpenter,* 627 N.W.2d 276, 283-85 (Mich. 2001); *see also Wallace v. Smith,* 58 F. App'x 89, 94, n.6. (6th Cir. 2003). Because Michigan no longer recognizes a diminished capacity defense, Petitioner is unable to show that counsel was ineffective in failing to pursue such a defense on Petitioner's behalf. *See, e.g., Nields v. Bradshaw,* 482 F. 3d 442, 456 (6th Cir. 2007). Therefore, Petitioner is not entitled to habeas relief on his second ineffective assistance of counsel claim.

### C. Excessive Bail Claim

Petitioner also contends that the trial court set an excessive pre-trial bond in this case in violation of Petitioner's rights under the Eighth Amendment. Petitioner further claims that counsel was ineffective in failing to obtain his release on bond. Petitioner's conviction has rendered moot any constitutional claims regarding his pre-trial bail. *See U.S. v. Manthey,* 92 F. App'x 291, 297 (6th Cir. 2004) (citing *Murphy v. Hunt,* 455 U.S. 478, 481 (1982) ("Hunt's claim to pretrial bail was moot once he was convicted")). Accordingly, Petitioner is not entitled to habeas relief on his third claim.

## IV.  CONCLUSION

IT IS ORDERED that the Petitioner's October 23, 2006 "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 12, 2007, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522